COPY

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

13 JAN 10 PM 3: 58

BY:

1  BRIAN VOGEL, SBN 167493
2  brian@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
3  770 County Square Drive, Suite 104
   Ventura, CA 93003
4  Telephone: (805) 654-0400
5  Facsimile: (805) 654-0326

6  Attorney for Plaintiff
7  PHILLIP FELDSOTT

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10

11  PHILLIP FELDSOTT, an individual,    )   Case No.   CV13- 00199 CAS (PZx)
                                         )
12              Plaintiff,               )   COMPLAINT FOR DAMAGES
                                         )
13       vs.                             )
                                         )   1.   42 U.S.C. § 1983
14  CITY OF SAN BUENAVENTURA;            )        (4th and 14th Amendments -
    SAN BUENAVENTURA POLICE             )        Excessive Use of Force)
15  DEPT.; POLICE CHIEF KEN              )   2.   Monell Related Claims on 42
16  CORNEY; VENTURA COUNTY              )        U.S.C. § 1983 Claims
    SHERIFF'S DEPARTMENT;                )   3.   Cal. Civil Code § 52.1
17  VENTURA COUNTY SHERIFF              )   4.   Failure to Summon Medical Care
18  GEOFF DEAN; CALIFORNIA              )        for Inmate - Cal. Government
    FORENSIC MEDICAL GROUP; DR.         )        Code § 845.6
19  JOHN KORZELIUS; AND DOES 1-10,     )   5.   Failure to Discharge Mandatory
20  inclusive,                          )        Duty - Cal. Government Code §
                                         )        815.6
21              Defendants.              )   6.   Negligent Intentional Infliction of
                                         )        Emotional Distress
22  _____ )   7.   Intentional Infliction of Emotional
23                                               Distress

24                                           DEMAND FOR JURY TRIAL

25

26  / / /

27  / / /

28

1

**INTRODUCTION**

1.      This is a complaint for money damages by Plaintiff arising under 42 U.S.C. §§ 1983 and 1988, and supplemental state law claims actionable under California Civil Code § 52.1 and California Code of Civil Procedure, § 526a. Plaintiff seeks redress for deprivation of his rights, privileges and immunities, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1343, as it arises under 42 U.S.C. §1983.

3.      The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants resides in or has its principal place of business in the Central District of California.

**JURISDICTIONAL PREREQUISITES**

4.      Plaintiff has fully complied with *California Government Code* section 910 *et seq.* by timely filing a claim with Defendant City of Ventura and timely filing this lawsuit thereafter.

**PARTIES**

5.      Plaintiff Phillip Feldsott ("Plaintiff"), at all times mentioned herein, was, and is, a resident of Ventura, Ventura County, California.

6.      At all times material herein, Defendant City of San Buenaventura also known as Ventura, ("Ventura" or "CITY") was, and is, a public entity authorized by law to establish certain departments, responsible for enforcing the laws and protecting the welfare of the citizens of the City of Ventura.  At all times mentioned herein, Defendant CITY was, and is, ultimately responsible for overseeing the operation, management, and supervision of the City of San Buenaventura Police Department, also known as Ventura Police Department ("VPD").  Defendant CITY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

7.      At all times material herein, VPD, was, and is, a public entity responsible for providing law enforcement services for Defendant CITY.

8.      At all times mentioned herein, Defendant VPD was, and is, the duly authorized law enforcement agency in and for the City of Ventura, California, and was, and is, responsible for overseeing the operation, management, and supervision of the VPD employees who patrol in Ventura, California, and is liable for the negligent and reckless acts of all employees, personnel, and entities, including, but not limited to, any VPD officer Does, inclusive.

9.      At all times material herein, Defendant CHIEF KEN CORNEY, was the police chief of Defendant CITY, and was responsible for supervising, operating, and managing VPD and was further responsible for the policies, customs, and procedures used at VPD.

10.     At all times material herein, upon information and belief, some of Defendant DOES 1-10 were and are natural persons, residing in the Central District of California

3

and acting as duly appointed VPD officers employed by Defendants CITY and VPD which are located in the Central District of California, acting at all relevant times within the scope of their employment with CITY and/or VPD ("OFFICER DOES"). Upon information and belief, Defendant OFFICER DOES were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendant OFFICER DOES are presently unknown to Plaintiff. Upon information and belief, such employees include, *inter alia*, VPD officers who were involved in any manner in the incidents alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed, believes, and based thereon alleges that each Defendant OFFICER DOE herein is in some manner responsible for the injuries and damages suffered by Plaintiff.

11.    Upon information and belief, Defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendants DOES 1-10 are presently unknown to Plaintiff. At all relevant times herein Defendants DOES 1-10 were employees and/or agents of CITY and/or VPD, acting at all relevant times within the scope of their employment with CITY and/or VPD. Defendant DOES 1-10 include, *inter alia*, VPD police officers or supervising employees and/or agents who were involved in any manner in the incidents alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed, believes, and based thereon alleges that each Defendant DOE herein is in some manner responsible for the injuries and damages

suffered by Plaintiff.

12.     At all times mentioned herein, Defendant VENTURA COUNTY SHERIFF'S

DEPARTMENT ("VCSD") was a public entity and municipal corporation, duly

organized and existing under and by virtue of the laws of the State of California.

13.     At all times mentioned herein, Defendant VENTURA COUNTY SHERIFF

GEOFF DEAN ("SHERIFF DEAN") was responsible for overseeing the operation,

management, and supervision VENTURA COUNTY SHERIFF'S DEPARTMENT and

Ventura County Pretrial Detention Facility ("Main Jail"), as well as the Sheriff's Deputies

and Corrections Officers, and contracted entities and employees of VCJ, including

without limitation CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG"), its

doctors and nursing staff and any other healthcare providers utilized by CFMG to provide

healthcare for inmates. Defendant SHERIFF DEAN is liable for the negligent and

reckless acts of all of these aforementioned parties, personnel and entities, as described

herein.

14.     CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG"), its agents, officers,

employees, and independent contractors, at all times mentioned herein was and is an

agent of VCSD and SHERIFF DEAN and was and is under contract with VCSD and

SHERIFF DEAN for the purpose of providing medical care and attention on behalf of

VCSD and SHERIFF DEAN to prisoners and detainees under the care and control of

VCSD and SHERIFF DEAN, and DOES 1-10 are representatives and/or employees of

VCSD and SHERIFF DEAN, and is at all times mentioned herein, acting under color of

law and under the direction an agency of VCSD and SHERIFF DEAN to provide such care and attention to prisoners and detainees.

15.     JOHN KORZELIUS, M.D. at all times mentioned herein was and is an employee and/or agent of VCSD, SHERIFF DEAN and CFMG, acting under color of law, who was and is the physician hired to provide medical care, attention, and treatment to prisoners and detainees, at VCJ, Medical Services Department.  He is and was the physician responsible for supervision and management of subordinate medical staff providers, including doctors, nurses, and nurse practitioners, and is and was a treating physician for Plaintiff.  He is sued in his individual and official capacity.

## GENERAL ALLEGATIONS

16.     This action is brought under Title 42 U.S.C. §§1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States.  Plaintiff alleges that he was assaulted, battered, and subjected to excessive force and falsely arrested and detained by Defendants.

17.     At all times relevant to the facts alleged herein, defendant OFFICER DOES were responsible for the unlawful conduct and resulting injury because they personally participated in the conduct, acted jointly and in concert with others who did so, or authorized, acquiesced, or failed to take action to prevent the unlawful conduct.  Each said defendant was acting in the course and scope of their employment and acting under color of law.

18.     All non-municipal defendants, including defendant OFFICER DOES, inclusive are

6

being sued in their individual and official capacities.  At the time of the acts complained,

each non-municipal defendant was a duly appointed VPD officer employed as such by

Defendants CITY and VPD.  At the time of the acts hereinafter complained of, each said

defendant acted in the course and scope of such employment and acted under color of

law.  Each non-municipal defendant failed and refused, with deliberate indifference to

Plaintiff, to intervene to stop the unlawful conduct, wrote materially false descriptions of

the conduct, and otherwise ratified the conduct that occurred by agents and officers of the

VPD.

19.    At all material times, municipal defendants, including CITY, VPD, CHIEF KEN

CORNEY, and some of the DOES 1-10 were at all times responsible for the hiring,

training, supervision, and discipline of other defendants, and were responsible for

violation of Plaintiff's rights.

20.    At all material times, each defendant was individually and jointly engaged in

tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other

harm.

21.    Plaintiff is informed and believes, and on such information and belief alleges that,

at all times mentioned herein, each of the non-municipal defendants was the agent and

employee of Defendants CITY and the VPD and, in doing the things herein mentioned,

were acting within the scope of their authority as such agents and employees with the

permission and consent of their co-defendants.

22.    Plaintiff is informed and believes that each defendant sued herein was

responsible in some manner for the events as hereinafter described, and proximately

caused injuries and damages to Plaintiff.

23.     In committing the acts and/or omissions alleged herein, all defendants acted under

color of authority and/or color of law.

## FACTUAL ALLEGATIONS

24.     On December 29, 2011, at approximately 6:05 p.m., VPD Officers Symonds and

Sears were dispatched to a report of an individual attempting to pass a fraudulent check at

Mega Check Cashing in Ventura, California.

25.     Officer Sears arrived first at Mega Check Cashing, and observed that Plaintiff had

left.  Officer Sears began discussing the crime report with an employee of the business.

While Officer Sears was still at the store, Plaintiff called the store.  The employee told

Plaintiff that his check had cleared and that he could come in and pick up his money.

26.     Officers Symonds and Sears waited outside the business for Plaintiff to arrive.

Officer Symonds saw Plaintiff enter the business and alerted Officer Sears.  Officer Sears

then entered the business and confronted Plaintiff.

27.     Plaintiff fled and Officer Sears gave chase.  Officer Symonds saw Plaintiff fleeing

and also gave chase.

28.     Officer Sears caught up with Plaintiff and tasered him.  Officer Symonds arrived

and assisted in handcuffing Plaintiff.  Plaintiff was initially handcuffed with two sets of

handcuffs linked together.

29.     Officer Symonds placed Plaintiff under arrest and transported him to Ventura

County Medical Center ("VCMC").

30.    At VCMC, Plaintiff was re-handcuffed by an OFFICER DOE.  He ended up tightly handcuffed to a wheelchair and was guarded by a VPD OFFICER DOE.

31.    Plaintiffs handcuffs were extremely tight.  Plaintiff repeatedly asked one or more OFFICER DOES to loosen his cuffs because they were hurting his hands greatly.  Plaintiff's requests were ignored.

32.    Finally, a currently unknown VPD sergeant came to talk to Plaintiff while he was still tightly handcuffed.  Plaintiff told the sergeant that he had repeatedly asked for his handcuffs to be loosened.  Plaintiff also told the sergeant that his hands were turning blue from a lack of blood flow.

33.    The sergeant then angrily ordered an OFFICER DOE guarding Plaintiff to loosen Plaintiff's handcuffs.

34.    Plaintiff was cleared for booking by VCMC and Plaintiff was transported to Main Jail.  At the Main Jail, Plaintiff was transferred to the custody of VCSD and SHERIFF DEAN.

35.    On January 3, 2012, Plaintiff was arraigned in Ventura County Superior Court Case No. 2011045775.  Plaintiff was charged with violations of California Penal Code 496(a), receiving stolen property, a felony with an allegation that he had previously been convicted of a violent felony within the meaning of Penal Code § 667.5, (a "strike" prior); P.C. 470(d), forgery, a felony with a strike prior alleged; P.C. 148(a)(1), resisting a peace officer, a misdemeanor; and P.C. 241(c) - assault on a peace officer, a misdemeanor.

Plaintiff was ordered held on $30,000 bail.

36.     During the first two weeks of January 2012, Plaintiff was treated for his injuries by Dr. KORZELIUS of CFMG at Main Jail.  Plaintiff informed Dr. KORZELIUS that he had pain in his left wrist and numbness in part of his left hand, specifically his pinkie and his ring finger.  Dr. KORZELIUS informed Plaintiff that pain from handcuffs is almost always temporary.

37.     Plaintiff continued to complain of this pain in his jail medical visits over the next few months.  Plaintiff continually requested to be examined again by a doctor, but was only seen by nurses and nurse practitioners.

38.     On February 23, 2012, Plaintiff pled guilty to a felony count of P.C. 496(a) - receiving stolen property and admitted the strike prior.  Plaintiff also pled guilty to a misdemeanor count of P.C. 241(c), assault on a peace officer.

39.     On May 3, 2012, the Ventura Superior Court judge dismissed the remaining counts and sentenced Plaintiff to two years in jail with credit for 253 days.  Plaintiff remained incarcerated in the Main Jail.

40.     Plaintiff's left hand was finally again examined by a currently unknown CFMG doctor on May 21, 2012.  The doctor noted that Plaintiff's "left hand thinner than right, small finger does not fully extend.  The area between thumb and second finger, sunken appearing.  Subjective pain to thumb, small finger tingling."

41.     On May 24, 2012, an X-ray was taken by CFMG.  Plaintiff repeatedly requested that a doctor go over the X-ray with him, but his requests were ignored and no course of

treatment was planned for his left hand.

42.     Around this time, Plaintiff began requesting to be taken to a specialist because of the continued pain and numbness he was experiencing in his left hand.

43.     Plaintiff's requests to see a specialist were repeatedly ignored until Dr. KORZELIUS finally referred Plaintiff to Dr. Eric Watson, a doctor of orthopedics at the Anacapa Surgical Associates Neurological Center, which is affiliated with VCMC.

44.     Plaintiff was seen by Dr. Watson on June 26, 2012.  Dr. Watson noted serious damage to the ulnar nerve of Plaintiff's left hand and wrist area, and recommended surgery.

45.     More than a year has passed since Plaintiff received his handcuffing injury.  As of January 7, 2013, Plaintiff remained incarcerated in Main jail and has not received surgery.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### (4th and 14th Amendments - Excessive Use of Force)

### Against Defendant OFFICER DOES

46.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

47.     This action arises under 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and common law principles.  Defendant OFFICER DOES applied handcuffs too tightly to Plaintiff's wrists following his arrest and detention at the hospital and refused to loosen the overtightened handcuffs for several hours, despite repeated

complaints of pain and numbness. By engaging in the conduct described hereinabove, Defendant OFFICER DOES, were acting or pretending to act, under the color of state law as police officers employed by Defendant VPD, and violated Plaintiff's civil rights afforded to him under the United States Constitution, including privileges and immunities secured to Plaintiff by the Constitution of the United States, namely, Plaintiff's right to be free from excessive and unreasonable force in violation of his rights protected under the Fourth Amendment.

48.   As a direct and proximate result of Defendants' wrongful conduct described hereinabove, Plaintiff suffered physical and emotional injuries, including but not limited to, permanent damage to his hands and wrists. He also suffered financial injuries.

49.   Plaintiff has suffered special and general damages as allowable under federal law in an amount to be proven at trial. These injuries and damages are ongoing.

50.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendant OFFICER DOES acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving him of his constitutional rights.

51.   As a result of the foregoing, Plaintiff seeks exemplary and punitive damages against Defendant OFFICER DOES.

52.   Further, as a result of the foregoing, Plaintiff seeks an award of reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

*Monell* Related Claims on 42 U.S.C. § 1983 Claims

**Against Defendants CITY, VPD, CHIEF CORNEY and DOES.**

53.     Plaintiff incorporates by reference and realleges each and every allegation

contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

54.     Plaintiff brings this cause of action under 42 U.S.C. § 1983, as against municipal

Defendants CITY, VPD, CHIEF CORNEY and DOES.

55.     Defendant OFFICER DOES' violations of Plaintiff's Fourth and Fourteenth

Amendment rights to be free from excessive use of force and unlawful seizure, as set

forth herein, were the direct and proximate results of the Defendants CITY, VPD, CHIEF

CORNEY and DOES' maintaining longstanding customs, policies, practices and/or

procedures which tolerate and condone Defendant OFFICER DOES' violations, set forth

hereinabove and below.

56.     These longstanding customs, policies, practices and/or procedures, include, but are

not limited to, Defendants' standard operating procedures as well as accepted practices.

57.     Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing

pattern of condoning and having a deliberate indifference towards citizens' constitutional

rights in connection with the following acts committed by VPD officers: (1) the use of

excessive force or violence, including but not limited to the use of tactics and weapons,

including tasers, in a reckless and unreasonable manner; (2) the conforming of false

testimony, evidence or reports by all officers involved in an incident to protect one or

13

more of them from criminal prosecution or administrative discipline; (3) the performance of sham or deficient investigations of allegations of deputy misconduct designed to allow officers' misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the involved officers; (4) the planting of evidence or withholding evidence to favor the involved officers' version of a disputed and complained of incident of police misconduct; (5) the ratification of misconduct to avoid referral for criminal prosecution, and (6) the public denial or minimization of rampant problems of dishonesty and brutality within the VPD.

58.    Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES knew, or in the exercise of reasonable care should have known prior to December 29, 2011, that VPD officers, including Defendant OFFICER DOES, were engaging in the conduct described hereinabove.

59.    Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES knew, or in the exercise of reasonable care should have known prior to December 29, 2011, that VPD officers, including Defendants OFFICER DOES, had a history, propensity, pattern and practice of adhering to the unlawful and unconstitutional police actions described herein and above.

60.    Notwithstanding this information and the history of VPD officers including Defendant OFFICER DOES, Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY, and DOES failed to properly screen applicants and hired persons who were psychologically unfit for duty, used unreasonable police

tactics which lead to the constitutional violations of Plaintiff's constitutional rights as alleged herein and above.

61.     Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES generally failed to train and supervise VPD officers, including Defendant OFFICER DOES, in order to halt and prevent the type of conduct which resulted in violating Plaintiff's constitutional rights.

62.     Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES have customs, policies or practices which reject and ignore misconduct of VPD officers and fail to impose discipline.  As a result, the custom, practice or policy results in the retention of officers such as Defendant OFFICER DOES who have a propensity to cause constitutional violations such as use of excessive force, unreasonable seizure, liberty deprivations and falsification of evidence.  This failure to discipline condones, ratifies, promotes and perpetuates VPD officers' misconduct and their "code of silence" and was a moving force behind the violations of Plaintiff's constitutional rights.

63.     The policy maker and supervisor for the VPD officers at the time of the incident was Defendant CORNEY.  As such, he had the duty to hire, train, supervise and discipline VPD officers who cause constitutional violations.  Defendant CORNEY created an unreasonable risk of harm to Plaintiff by failing to adequately hire, train, supervise and discipline VPD officers, in particular, Defendant OFFICER DOES. CORNEY had an additional duty to make and maintain customs, policies, practices and/or

procedures which address and cure the problems of use of excessive force and causing unreasonable seizures and liberty deprivations committed by VPD officers. Rather than creating or maintaining such customs, policies, practices and/or procedures, Defendant CORNEY created an unreasonable risk of harm to Plaintiff by condoning and having a deliberate indifference towards citizens' constitutional rights in connection with excessive use of force, unreasonable seizure and the deprivation of liberty by VPD officers, in particular, Defendant OFFICER DOES.

64.    Plaintiff is informed, believes, and based thereon alleges that Defendants CITY, VPD, CORNEY and DOES expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiff's constitutional rights.

65.    As a result of the foregoing, Plaintiff was subjected to physical, emotional and financial injuries that were a direct and proximate result of Defendants' failure to maintain customs, policies, practices or procedures designed to protect the constitutional rights of the public.

66.    The above described customs, policies, practices and/or procedures demonstrates a deliberate indifference on the part of the policy makers of CITY to the constitutional rights of persons within CITY and were a moving force behind the violations of Plaintiff's rights alleged herein.

67.    Defendants CITY, VPD and CORNEY expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions of Defendant OFFICER DOES alleged

16

herein, and knew that such conduct was unjustified and would result in violations of

Plaintiff's constitutional rights.

### THIRD CLAIM FOR RELIEF

### California Civil Code § 52.1

### Interference with Exercise of Civil Rights by Excessive Force

### Against CITY, VPD and CORNEY and OFFICER DOES

68.     Plaintiff incorporates by reference and realleges each and every allegation

contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

69.     Plaintiff brings this cause of action as against all Defendants and DOES.

70.     As alleged above, the conduct of the Defendants violated Plaintiff's right to be

secure in his person and effects, against unreasonable seizures, and to due process of law,

as guaranteed by the Constitution and laws of the State of California, including Article I,

§ 1, 13 of the California Constitution, and the Fourth and Fourteenth Amendments of the

United States Constitution.

71.     Plaintiff is informed, believes, and based thereon alleges that in engaging in the

conduct alleged herein, Defendant OFFICER DOES acted with the intent to injure, vex,

annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in

conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and

depriving him of his constitutional rights.

72.     As a result of the foregoing, Plaintiff seeks exemplary and punitive damages

against Defendant OFFICER DOES.

17

73.     As a direct and proximate cause of the aforementioned actions of Defendants and DOES, Plaintiff was injured as set forth above, thereby entitling Plaintiff to damages against Defendants under Cal. Civil Code § 52.1, including but not limited to actual damages, exemplary damages, civil penalties, and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Failure to Summon Medical Care for Inmate - Cal. Government Code § 845.6

### Against VCSD, SHERIFF DEAN, CFMG, DR. KORZELIUS and DOES 1-10

74.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

75.     Plaintiff brings this cause of action as against Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10.

76.     Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10 had a mandatory duty under California Government Code § 845.6 to summon medical care for inmates whom they knew, or had reason to know, required immediate medical care.

77.     By virtue of the foregoing allegations, Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10 knew or should have known that Plaintiff needed immediate medical care and that he had serious medical conditions and that he should have had his medical condition monitored going forward from December 29, 2011.

78.     Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10 failed to discharge their duty imposed by California Government Code § 845.6.

79.     As a direct and proximate result of Defendants' acts and/or omissions, herein above

18

1   described, Plaintiff suffered severe physical injury and trauma, resulting in severe pain

2   and suffering, and emotional distress.

3

4   80.    Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10 are

5   liable for their employees' breach of their duty to summon required immediate medical

6   care while acting in the course and scope of their employment under the doctrine of

7   respondent superior.

8

9                              **FIFTH CLAIM FOR RELIEF**

10          **Failure to Discharge Mandatory Duty - Cal. Government Code § 815.6**

11       **Against VCSD, SHERIFF DEAN, CFMG, DR. KORZELIUS and DOES 1-10**

12

13  81.    Plaintiff incorporates by reference and realleges each and every allegation

14  contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

15  82.    California Government Code § 815.6 makes a public entity liable for its failure to

16  discharge a mandatory duty imposed by an enactment designed to protect against the risk

17  of a particular kind of injury.

18

19  83.    California Government Code § 845.6 imposes such a mandatory duty.  The

20  purpose of § 815.6 is, in part, to ensure the safety and health of inmates and to provide

21

22  inmates with medical care when the need for medical care becomes apparent.

23  84.    Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and DOES 1-10

24  breached the mandatory duty owed to Plaintiff pursuant to California Government Code §

25  845.6. As set forth herein, Defendants' breach of said duty caused the type of harm to

26

27  Plaintiff that the enactment was designed to prevent.

28

85.     Furthermore, Defendants VCSD, SHERIFF DEAN, CFMG, KORZELIUS, and

DOES 1-10 had a duty to provide reasonable and adequate medical services to inmates

within their care and custody.  Upon information and belief, despite the actual and

constructive knowledge of the inadequacy of its health services, including numerous

avoidable injuries and inmate deaths, Defendants VCSD, SHERIFF DEAN, CFMG,

KORZELIUS, and DOES 1-10 failed to sufficiently staff and equip its medical facilities

and treat inmates.

## SIXTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### Against All Defendants and DOES

86.     Plaintiff incorporates by reference and realleges each and every allegation

contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

87.     Plaintiff brings this cause of action as against all Defendants and DOES.

88.     Plaintiff is informed, believes, and based thereon alleges that each Defendant

OFFICER DOE was negligent in using force upon, harming and injuring Plaintiff and in

doing or failing to do the other wrongful acts herein and above alleged.

89.     Plaintiff is informed, believes, and based thereon alleges that each Defendant

OFFICER DOE negligently inflicted emotional distress on Plaintiff by, *inter alia*, using

excessive force on Plaintiff.

90.     As a direct and proximate result of the aforementioned concurrent and

simultaneous negligent conduct of the Defendant OFFICER DOES, and each of them,

1    Plaintiff suffered serious emotional distress and the exacerbation of emotional distress.

2    91.    The negligence of Defendant OFFICER DOES, and each of them, was a

3    substantial factor in causing or exacerbating Plaintiff's serious emotional distress, causing

4

5    Plaintiff to incur special and general damages in an amount to be proved at the time of

6    trial.

7

8    92.    Defendants CITY, VPD, CORNEY and DOES, inclusive, and each of them, which

9    employed the defendant officers, is vicariously liable under principles of *respondeat*

10   *superior* and the California Government Code § 815.2, for the acts and omissions of

11   Defendant OFFICER DOES, and said entity defendants are jointly and severally liable for

12

13   Plaintiff's special and general damages.

14                          <u>**SEVENTH CLAIM FOR RELIEF**</u>

15                       **Intentional Infliction of Emotional Distress**

16                          **Against All Defendants and DOES**

17

18   93.    Plaintiff incorporates by reference and realleges each and every allegation

19   contained in paragraphs 1 through 45 of this Complaint, as fully set forth herein *verbatim*.

20

21   94.    Plaintiff brings this cause of action as against all Defendants and DOES.

22   95.    The conduct of the Defendants OFFICER DOES, and each of them, alleged herein

23   and above, *inter alia*, in harming and injuring, and otherwise causing Plaintiff significant

24

25   physical injury, was outrageous conduct that exceeded reason and the bounds of conduct

26   usually tolerated by this society.

27   96.    Defendant OFFICER DOES, and each of them, in engaging in the aforementioned

28

                                        21

conduct, intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress or an exacerbation of emotional distress, knowing that Plaintiff was present when the conduct occurred.

97.     The conduct of Defendant OFFICER DOES, and each of them, was the direct and proximate cause of Plaintiff's injuries, and were a substantial factor in exacerbating or causing Plaintiff to suffer and to continue to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.

98.     Plaintiff has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

99.     Defendants CITY, VPD, CORNEY and DOES, inclusive, and each of them, which employed the defendant officers, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendant OFFICER DOES, and said entity defendants are jointly and severally liable for Plaintiff's special and general damages.

100.    The aforementioned acts of Defendants OFFICER DOES, and each of them, were despicable and subjected Plaintiff to cruel and unjust hardship, and indicate Defendants' intent to cause injury to Plaintiff, as well as their conscious disregard for the rights and safety of Plaintiff, and tend to show that the actions were willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages as to said

individual Defendants.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants and DOES, and each of them, on each and every cause of action as follows:

1.     For declaratory and injunctive relief preventing similar future harm;

2.     For general damages according to proof at trial;

3.     For special damages according to proof at trial;

4.     For an award of punitive damages against Defendant OFFICER DOES;

5.     For attorney's fees and costs under 42 U.S.C. § 1988, C.C.P. § 1021.5, or under any other applicable statutes or law;

6.     For an award of Plaintiff's costs of suit incurred herein;

7.     For an award of any applicable statutory penalties;

8.     For an award of any applicable interest amounts; and

9.     For any other relief the Court deems appropriate.

Dated: January 10, 2013

LAW OFFICES OF BRIAN A. VOGEL, PC


By: _____
    BRIAN A. VOGEL
    Attorney for Plaintiff PHILLIP FELDSOTT

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: January 10, 2013

LAW OFFICES OF BRIAN A. VOGEL, PC

By: _____

BRIAN A. VOGEL
Attorney for Plaintiff PHILLIP FELDSOTT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 199 CAS (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

BRIAN A. VOGEL (SBN 16741)
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Fax: (805) 654-0326

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FELDSOTT, an individual, | CASE NUMBER |
| Plaintiff(s) | |
| v. | **CV13-00199** |
| CITY OF SAN BUENAVENTURA; SAN BUENAVENTURA POLICE DEPT.; POLICE CHIEF KEN CORNEY; VENTURA COUNTY SHERIFF'S DEPARTMENT; VENTURA COUNTY SHERIFF GEOFF DEAN; CALIFORNIA FORENSIC MEDICAL GROUP; DR. JOHN KORZELIUS; AND DOES 1-10, inclusive, | (ASIPZx) |
| | **SUMMONS** |
| Defendant(s) | |

TO:   CITY OF SAN BUENAVENTURA; SAN BUENAVENTURA POLICE DEPT.; POLICE CHIEF KEN CORNEY; VENTURA COUNTY SHERIFF'S DEPARTMENT; VENTURA COUNTY SHERIFF GEOFF DEAN; CALIFORNIA FORENSIC MEDICAL GROUP; DR. JOHN KORZELIUS; AND DOES 1-10, inclusive

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐_____ amended complaint counterclaim ☐cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brian A. Vogel, Law Offices of Brian A. Vogel, whose address is 770 County Square Drive, Suite 104, Ventura, CA 93003. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 0 2013

By:_____

By:_____ JULIE PRADO

Deputy Clerk

*(Seal of the Court)*

[Use 60 days if the defendant is the United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>PHILLIP FELDSOTT, an individual | DEFENDANTS<br>City of San Buenaventura; San Buenaventura Police Dept.; Police Chief Ken Corney; Ventura County Sheriff's Department; Ventura County Sheriff Geoff Dean; California Forensic Medical Group; Dr. John Korzelius; and<br><br>DOES 1-10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>THE LAW OFFICES OF BRIAN A. VOGEL, PC<br>770 County Square Drive, #104<br>Ventura, California 93003    (805) 654-0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV13-00199**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| PHILLIP FELDSOTT, an individual, Ventura | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Brian Vogel_   Date   January 10, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |