BRIAN A. VOGEL, SBN 167493
brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Facsimile: (805) 654-0326

Attorney for Plaintiff
PHILLIP FELDSOTT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP FELDSOTT, an individual, | Case No. CV 13-00199 CAS (RZx) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| CITY OF SAN BUENAVENTURA; et al., | |
| Defendants. | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

(Note: "PROPOSED" is shown with strikethrough in the original.)

Pursuant to the stipulation of the parties and good cause being shown therefore, THE COURT HEREBY ORDERS THE FOLLOWING:

1. The item subject to this agreement is a booking video related to Plaintiff Feldsott from December 29, 2011, responsive to Plaintiffs' Request for Production of Documents, Set One, to Defendant Ventura County Sheriff's Office ("VCSO"). Defendant VCSO has responded with objections to the production of this item in Response Nos. 1, 3, 4-6, 10, 13, 14, 19, 24, 27, and 29-51.

2. The item delineated in the previous paragraph is the proper

1

subject of a privilege. The Court therefore orders that following information be confidential: the booking video related to Plaintiff Feldsott from December 29, 2011 ("Feldsott Booking Video").

3. The Court may modify the protective order at any time for good cause shown and upon notice to the affected parties. ~~The parties themselves may further stipulate to add or delete item or information subject to the protective order.~~

4. The Feldsott Booking Video was acquired in confidence and is the proper subject of a privilege, and Defendants' concerns of privilege and other objections raised in their response and outlines in their privilege logs are adequately protected by the protective agreement and order.

5. The production of the Feldsott Booking Video referenced shall be subject to the following protections:

    (a) The Feldsott Booking Video will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, any settlement conference, private mediation or arbitration conducted in connection with this case, or any related appellate proceeding, and not for any other purpose.

    (b) The Feldsott Booking Video shall not be disclosed by Plaintiff or his attorneys to anyone other than:

        (1) Plaintiff;

        (2) Plaintiff's attorneys and their staff;

        (3) Any expert or consultant hired or retained by Plaintiff or

their attorneys;

(4) Any judge or magistrate judge presiding over any aspect of this case;

(5) Any mediator, arbitrator or other settlement officer agreed upon by the parties or appointed to assess and evaluate the dispute for the purposes of settlement negotiation; and

(6) Witnesses while being examined by counsel at a deposition or trial.

(c) The Feldsott Booking Video shall not be provided to news, television, radio, or placed on the Internet.

(d) All persons to whom the Feldsott Booking Video is disclosed will be apprised of the protective order and of its binding nature on all persons connected with this case.

(e) To the extent that the Feldsott Booking Video is disclosed to a witness pursuant to the protective order, the Feldsott Booking Video shall be appropriately marked "Confidential Item produced in *Feldsott v. City of San Buenaventura, et al.*, Case No. CV 13-00199 CAS (RZx), subject to protective order."

(f) If a document produced pursuant to the protective order is referred to during any deposition conducted in this case, those portions of the deposition transcript and video of the deposition, if any, in which reference is made to said document shall be subject to the protective order and shall not be reproduced or disseminated to anyone other than those individuals listed in paragraph 5(b).

3

(g) The producing party may redact irrelevant, privileged, confidential and personal information from any produced document.

(h) Plaintiff's counsel shall maintain a list detailing to whom he provides these documents. Any such individual who is provided with copies of the documents shall be given a conformed copy of the protective order and shall be instructed not to disseminate the documents or any information therein to anyone. If said individual is a mediator or settlement officer under paragraph 5(b)(5), above, the documents shall be retrieved from said individual at the conclusion of the mediation or settlement procedure session.

6. The documents produced pursuant to the protective order, and any copies made thereof, along with the list referenced in the previous paragraph, shall be delivered to the producing attorney within thirty days of the conclusion of this action (the term "conclusion" refers to the action being voluntarily dismissed or all appeals from judgment being exhausted).

7. The admissibility of the Feldsott Booking Video herein disclosed is not conceded, and the parties each have the right to seek exclusion of the Feldsott Booking Video or the information contained therein or its existence either in limine or during trial.

8. Disclosure of the Feldsott Booking Video shall be made within ten (10) days of receipt by Defendants of this signed and conformed order of the Court.

**IT IS SO ORDERED.** However, this Order shall not govern in connection with dispositive motions or at trial, where different considerations may appear. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana*

*v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If protection is desired in connection with dispositive motions or at trial, it must be sought separately, from the judicial officer who will preside at those proceedings.

Dated: October 2, 2013                    _____
                                         Hon. Ralph Zarefsky
                                         United States District Court
                                         Central District of California