ARIEL PIERRE CALONNE, State Bar No. 110268
acalonne@ci.ventura.ca.us
City Attorney
ANDY H. VIETS, State Bar No. 127089
aviets@ci.ventura.ca.us
Senior Assistant City Attorney
CITY OF SAN BUENAVENTURA
501 Poli Street
Post Office Box 99
Ventura, California 93002-0099
Telephone: (805) 654-7818
Facsimile: (805) 641-0253

Attorneys for Defendants
CITY OF SAN BUENAVENTURA (erroneously
sued and served herein as two separate entities,
"City of San Buenaventura" and "San Buenaventura
Police Department") and POLICE CHIEF KEN CORNEY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FELDSOTT, an individual, | Case No.: CV13-00199 CAS (RZx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | [~~PROPOSED~~] **PROTECTIVE ORDER** |
| CITY OF SAN BUENAVENTURA; SAN BUENAVENTURA POLICE DEPT.; POLICE CHIEF KEN CORNEY; VENTURA COUNTY SHERIFF'S DEPARTMENT; VENTURA COUNTY SHERIFF GEOFF DEAN; CALIFORNIA FORENSIC MEDICAL GROUP; DR. JOHN KORZELIUS; AND DOES 1 - 10, inclusive, | |
| Defendants. | |

///

Pursuant to the stipulation entered into plaintiff Phillip Feldsott, and defendants City of San Buenaventura [City] and Police Chief Ken Corney [collectively, "City Defendants"], by and through their attorneys of record, the court hereby issues a protective order as follows:

1. The documents produced pursuant to the protective order will be, to the extent that they exist, the following:

    A.    Ventura Police Department Policy and Procedure re: Disciplining and terminating police officers

    B.    Ventura Police Department Policy and Procedure re: Hiring officers

    C.    Ventura Police Department Policy and Procedure re: Supervision of officers

    D.    Ventura Police Department Policy and Procedure re: Investigating officers

    E.    Ventura Police Department Policy and Procedure re: Performance reviews of officers

    F.    Ventura Police Department Policy and Procedure re: Ventura Police Department use of force policy

    G.    Use of Force Report re: Ventura Police Report no. 11-14345

2. The terms of the protective order are follows:

    A.    The documents produced pursuant to the protective order will be, to the extent that they exist, the documents listed above in paragraph one. The City Defendants may (1) limit the production to those in existence as of December 29, 2011, and (2) redact irrelevant, privileged, confidential and personal information from said documents.

    B.    The documents produced pursuant to the protective order will be deemed confidential and shall be used solely with respect to the litigation of this action.

    C.    The documents produced pursuant to the protective order shall be marked "Feldsott: Confidential – Subject to Protective Order"; copies of said documents which are provided to the individuals listed in paragraph 3.D. below shall contain that label.

      D.    The documents produced pursuant to the protective order may be provided only to the following individuals:

           (1)    Feldsott's attorney and staff directly employed by said attorney.

           (2)    Experts and consultants retained by the Feldsott's attorney.

           (3)    The court and court personnel involved in the handling of this lawsuit.

           (4)    Anyone agreed to by the parties or appointed by the court to be a mediator or settlement officer with respect to this matter.

Feldsott's attorney shall maintain a list detailing which of these documents are produced to which of these individuals.  Any such individual who is provided with copies of the documents shall be given a conformed copy of the protective order and shall be instructed not to disseminate the documents or any information therein to anyone.  If said individual is a mediator or settlement officer under paragraph 3.D.(4), above, the documents shall be retrieved from said individual at the conclusion of the mediation or settlement procedure session.

      E.    The documents produced pursuant to the protective order shall not be provided to, shown via any method, or described in any manner to anyone other than those individuals listed in paragraph 3.D., and specifically shall not be provided to, shown via any method, or described in any manner to the plaintiff, the plaintiff's relatives, the plaintiff's friends or any media (television, radio, newspaper, magazine, internet, etc.), and shall not be posted on any internet site, blogs, etc. (Facebook, Twitter, etc.).

      F.    If a document produced pursuant to the protective order is referred to during any deposition conducted in this case, those portions of the deposition transcript and video of the deposition, if any, in which reference is made to said document shall be subject to the protective order and shall not be reproduced or disseminated to anyone other than those individuals listed in paragraph 3.D.

G. Any document produced pursuant to the protective order which the plaintiff seeks to use in a court proceeding regarding this matter shall be submitted to the court under seal as per Local Rule 79-5.

H. The documents produced pursuant to the protective order, and any copies made thereof, along with the list referenced in paragraph 3.D. above, shall be delivered to the City Defendants' attorney within thirty days of the conclusion of this action (the term "conclusion" refers to the action being voluntarily dismissed or all appeals from judgment being exhausted).

3. The City Defendants (a) do not concede the admissibility in court of any of the produced documents, (b) reserve any and all objections to the documents being admitted into evidence, and (c) preserve any all means of seeking to exclude said documents from evidence.

4. Production of the documents subject to this order shall be produced to Feldsott's attorney within ten City business days of the Protective Order being filed by the court and entered on the PACER docket.

Dated:  January 03, 2014     _____
                                                           Magistrate Judge Ralph Zarefsky